IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:16-cv-50 (WOB-JGW)

DAVID KOENIG, ET AL                                    PLAINTIFFS

VS.                      MEMORANDUM OPINION AND ORDER

PROGRESSIVE CASUALTY
INSURANCE CO., ET AL                                   DEFENDANTS

This is a wrongful death action in which plaintiffs allege claims against defendant General Motors for negligence, strict products liability, failure to warn, breach of warranties, and loss of consortium. Plaintiffs also allege a claim for bad faith and seek a declaratory judgment against defendant Progressive Casualty Insurance Company regarding uninsured coverage.

This matter is before the Court on defendant General Motors' motion to dismiss (Doc. 7), plaintiffs' motion to amend (Doc. 21), and defendant Progressive's motion for judgment on the pleadings (Doc. 28).

Having reviewed this matter, the Court now issues this Memorandum Opinion and Order.

***Factual and Procedural Background***

This case arises from the tragic events of March 1, 2013, when J.V.H., a five-year-old child, drowned when the car he was in rolled into a pond near the house where he lived with his mother and grandmother in Florence, Kentucky. The car, a 2000 Chevrolet Impala, was owned by his mother, plaintiff Courtney Harris ("Harris"), and it was insured by Kentucky Farm Bureau Insurance Company ("KFBIC"). Courtney's mother, Glenda Poe ("Poe"), carried a separate automobile insurance policy through defendant Progressive Casualty Insurance Company ("Progressive"), which included both uninsured and underinsured coverage.

A no-fault personal injury claim was filed with KFBIC, which in turn petitioned the Boone District Court on March 19, 2015, to open an estate for J.V.H to resolve claims resulting from J.V.H.'s death. On April 2, 2015, the Boone District Court appointed plaintiff David Koenig as the Administrator of J.V.H.'s estate in his capacity as public administrator.

By a check dated May 4, 2015, KFBIC paid J.V.H.'s estate $50,000 for "Full and Final Payment for Bodily Injury." (Doc. 15-3).

On February 29, 2016, Koenig and Harris filed an action in Boone Circuit Court, which defendants timely removed to this Court. (Doc. 1). General Motors then promptly filed a motion to dismiss asserting various grounds for dismissal, including that

2

plaintiffs' claims are barred by the applicable statutes of limitations. (Doc. 7).

The Court heard oral argument on the motion to dismiss on June 14, 2016. The same day, plaintiffs filed a motion to amend their complaint to add a claim for fraudulent concealment against General Motors. (Doc. 21).

During this hearing, plaintiffs' counsel conceded that plaintiffs' claim against General Motors for breach of warranty failed for lack of privity and that Harris's claim for loss of consortium was untimely. (Doc. 24 at 5, 7). Plaintiffs also raised arguments not made in their briefs, and questions arose regarding the nature of the $50,000 that KFBIC paid to J.V.H.'s estate as it related to the Kentucky Motor Vehicle Reparations Act's (MVRA) statute of limitations.

Because of these issues, and because the motion to amend was not fully briefed, the Court deferred ruling on the motion to dismiss, gave the parties a limited period of discovery as to the MVRA issue, and set briefing dates on the motion to amend. (Doc. 23). The Court also cautioned the parties about the requirements of Rule 11 with respect to subsequent filings. *Id.*

On August 24, 2016, Progressive filed a motion for judgment on the pleadings on the grounds that under the express terms of its policy, Harris's car cannot be an "underinsured" motor vehicle. (Doc. 28). Plaintiffs did not filed a response to

3

this motion.

On August 29, 2016, General Motions filed a response in opposition to plaintiffs' motion to amend. (Doc. 29). Plaintiffs did not file a reply brief in support of their motion to amend.

Having reviewed this matter, it is abundantly clear that both defendants' motions are well taken and that plaintiffs' claims must be dismissed.

*Analysis*

**A. Progressive's Motion for Judgment on the Pleadings**

Progressive has moved for judgment on the pleadings on plaintiffs' claims against it for uninsured motorist coverage under the policy issued to Harris's mother, Glenda Poe.

Plaintiffs have not responded to this motion, which is grounds in and of itself for granting the motion. Joint Local Rule 7.1(c).

Dismissal on the merits, however, is also warranted. The Progressive policy in question excludes from the definitions of "uninsured vehicle" and "underinsured vehicle" any vehicle "owned by you or a relative or furnished or available for the regular use of you or a relative." (Doc. 28-2 at 23). It is undisputed on the pleadings that the car in question was owned by Harris, Poe's daughter and thus relative. Under the plain terms of the policy,

it is not an uninsured or underinsured vehicle.[1]

### B. General Motors' Motion to Dismiss and Plaintiffs' Motion to Amend

As noted, plaintiffs have conceded that their claims for breach of warranty and loss of consortium are without merit, leaving only their claims for negligence, strict liability, and the proposed claim for fraudulent concealment against General Motors.

The KMVRA states that an action for tort liability arising out of a motor vehicle accident "may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation made by any reparation obligor, whichever later occurs.  KRS § 304.39-230.

In its opposition to plaintiffs' motion to amend, General Motors has produced evidence that KFBIC notified Harris on August 26, 2013, that the $10,000 Personal Injury Protection and $500 Excess Medical Coverage limits of her policy had been exhausted. (Doc. 29-3).  Such PIP and no-fault benefits are considered "basic reparation benefits" under Kentucky law.  *Lawson v. Helton Sanitation, Inc.*, 34 S.W.3d 52, 53 n.1 (Ky. 2000).

As noted, plaintiffs filed no reply brief to challenge this evidence.

Plaintiffs' negligence and strict liability claims are thus untimely because they were filed more than two years after both

---

[1] Harris is also not a named insured under the policy.

J.V.H.'s death and the payment of the last reparation benefit, under KRS § 304.39-230.

Finally, plaintiffs' proposed fraudulent concealment claim is barred by Kentucky's ten-year statute of repose, as the car in question was sold in 2000, and plaintiffs did not file suit until 2016. *See Gloyna v. Toyota Motor Mfg. N. Am., Inc.*, Civil Action No. 2011-11 (WOB-JGW), 2014 WL 318563, at *2 (E.D. Ky. Jan. 29, 2014).

Therefore, having reviewed this matter, and being sufficiently advised,

**IT IS ORDERED** that (1) defendant General Motors' motion to dismiss (Doc. 7) and defendant Progressive's motion for judgment on the pleadings (Doc. 28) be, and are hereby, **GRANTED**; (2) plaintiffs' motion to amend (Doc. 21) be, and is hereby, **DENIED**; and (3) a judgment shall enter concurrently herewith.

This 5th day of December, 2016.



Signed By:
<u>William O. Bertelsman</u>  WOB
United States District Judge

6